IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHANTE CALHOUN,<br>　　　Petitioner,<br><br>V.<br><br>UNITED STATES OF AMERICA, et al.<br>　　　Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:24-MC-034-B-BW |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This action seeking to quash an administrative subpoena from the Internal Revenue Service ("IRS") has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). (*See* Dkt. No. 5, 8.) For the reasons explained, the undersigned recommends that the action be **DISMISSED** pursuant to Fed. R. Civ. P. 4(m).

### I. BACKGROUND

On June 11, 2024, Petitioner Chante Calhoun, through counsel, filed a motion to quash an IRS subpoena. (Dkt. Nos. 1, 3.) Respondents in the action are the United States of America and IRS Tax Compliance Officer Kimberly Wichet. (*See* Dkt. No. 3.) Petitioner's counsel requested and was granted pro hac vice admission and leave to proceed without local counsel. (Dkt. No. 2, 6.)

On July 8, 2024, the Court ordered Petitioner to serve a copy of the motion on the respondents "and to then file a certificate of service with the Court." (Dkt. No. 7.) Four months passed without any manifestation of attempted compliance from

Petitioner. On November 25, 2024, the undersigned gave Petitioner "one more opportunity to comply" and again ordered Petitioner to serve a copy of the motion on the respondents and file a certificate of service, this time establishing a deadline of December 10, 2024. (Dkt. No. 9.)

On that day, Petitioner filed what she suggested was proof of service. (*See* Dkt. No. 10.) Petitioner's counsel certified that a copy of the motion to quash was mailed to the Internal Revenue Service official who issued the subpoena. (Dkt. No. 10 at 1.) She attached to the certification a printout from the U.S. Postal Service website showing that an unidentified item was mailed from Flint, Michigan two days after Petitioner filed this action and was delivered to "the front desk, reception area" in Dallas, Texas 75242 on June 17, 2024. (Dkt. No. 10-1 at 2.)

On December 11, 2024, the undersigned entered an order pointing out that Petitioner's December 10 filing did not establish that she had served a copy of the motion on the relevant government officials or agencies in a manner that complies with the requirements in Fed. R. Civ. P. 4(i) for serving the government or its agencies and officials. (Dkt. No. 11 at 2.) The undersigned therefore ordered Petitioner to serve a copy of the motion to quash on the respondents in compliance with Rule 4(i) and to file proof of service no later than December 27, 2024. (*Id.*) Petitioner was warned that failure to comply with the order would result in a recommendation that the action be dismissed pursuant to Fed. R. Civ. P. 4(m) and for failure to comply with court orders. (*Id.*)

## II.  LEGAL STANDARDS AND ANALYSIS

"'The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)' and filing proof of such service with the court." *Poullard v. Gateway Buick GMC LLC*, No. 3:20-CV-2439-B, 2021 WL 2376721, at *17 (N.D. Tex. June 10, 2021) (quoting Fed. R. Civ. P. 4(c)(1)).  Fed. R. Civ. P. 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time."

Rule 4(m) recognizes that additional time for service may be granted upon a showing of good cause.  *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").)  "'[T]o establish "good cause" the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice.'" *Werts v. DeJoy*, No. 3:22-CV-0900-B-BH, 2022 WL 12068781, at *2 (N.D. Tex. Sept. 26, 2022) (quoting *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)), *accepted* 2022 WL 11964779 (N.D. Tex. Oct. 20, 2022).

Petitioner filed this action 202 days ago—well more than the 90 days provided in Rule 4(m)—but she has not served the respondents during this time.  She has now thrice been ordered to serve the respondents with a copy of the motion, once with a

specific reference to Rule 4(i) to assist her with properly effecting service. Petitioner also has been given notice of dismissal pursuant to Rule 4(m) if she fails to serve the respondents. Petitioner has shown no subsequent attempts to comply with the Court's orders or Rule 4(i), nor has she shown good cause for her failure to do so. Petitioner's failure to effect service despite the Court's significant extensions of the 90-day deadline demonstrates that further extension of the deadline would be futile. Accordingly, dismissal of this action is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308-09 (5th Cir. 2018) (holding that the court did not abuse its discretion by dismissing action for failure to properly serve defendant in compliance with Rule 4).

### III.  RECOMMENDATION

For the foregoing reasons, this action should be **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 4(m) by serving the respondents within the time period provided for by Rule 4(m) and extended by the Court.

**SO RECOMMENDED** on December 30, 2024.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).